**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO ROMERO-NEGRETE, | No. 12-70907 |
| Petitioner, | Agency No. A095-766-813 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013**

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Francisco Romero-Negrete, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") denial of his request for a continuance. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's denial of a continuance. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Romero-Negrete's request for a two-year continuance for failure to show good cause where, at the time of the hearing, his daughter was not eligible to apply for a visa petition on his behalf and his eligibility for adjustment of status remained only a speculative possibility. *See* 8 C.F.R. § 1003.29 (IJ may grant a motion for a continuance for good cause shown); *Sandoval-Luna*, 526 F.3d at 1247.

In his opening brief, Romero-Negrete fails to address, and therefore has waived any challenge to, the BIA's determinations regarding his due process and cancellation of removal claims. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in the opening brief may be deemed waived).

We lack jurisdiction to consider Romero-Negrete's contention that the IJ did not provide a reasoned explanation for denying the motion to continue because he failed to raise this claim before the BIA, and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review claims not presented to the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**